ORIGINAL

1   **BLUMENTHAL, NORDREHAUG & BHOWMIK**
      Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5
6   **UNITED EMPLOYEES LAW GROUP**
      Walter Haines, Esq. (CSB #71075)
7   65 Pine Ave, #312
    Long Beach, CA 90802
8   Telephone: (562) 256-1047
    Facsimile: (562) 256-1006

9   Attorneys for Plaintiffs

10

FILED

09 AUG 28 PM 4: 19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

11              **UNITED STATES DISTRICT COURT**

12              **SOUTHERN DISTRICT OF CALIFORNIA**

13

14   JULIUS FRANCISCO, *an individual* SMO, on behalf of

15   himself, and on behalf of all persons similarly situated,

16              Plaintiffs,

17   vs.

18   DIEBOLD, INCORPORATED, an Ohio

19   Corporation,

20              Defendants.

21

CASE No. _____

**'09 CV 1 8 8 9 WQH WMc**

COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF:
   (1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.*;
   (2) FAILURE TO PAY EARNED WAGES AND OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 204, 210, 218, 510, 1194 AND 1198;
   (3) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF LABOR CODE § 226; and,
   (4) VIOLATION OF FAIR LABOR STANDARDS ACT [29 U.S.C. § 216]

DEMAND FOR A JURY TRIAL

22

23

24

25

26

27

28

1
COMPLAINT

1

**INTRODUCTION**

2    1.    This class action is brought by Plaintiff Julius Francisco ("PLAINTIFF")

3    individually and on behalf of present and former employees of DIEBOLD,

4    INCORPORATED (referred to herein as "DEFENDANT" or "DIEBOLD") in California

5    during the Class Period.  As an employer of technicians, DEFENDANT failed to correctly

6    calculate the overtime rate for PLAINTIFF and other similarly situated technician

7    employees because DEFENDANT excluded the on-call stipend paid to these employees

8    from the regular rate calculation, and as a result, these employees were uniformly underpaid

9    for documented overtime work and therefore did not receive all of the overtime

10   compensation to which they were entitled by law.  DEFENDANT also systematically failed

11   to pay PLAINTIFF and other similarly situated employees for the actual numbers of hours

12   worked, regular and/or overtime, during the Class Period.  These employees were placed

13   onto standby, on-call duty but were not paid the required compensation for these hours

14   worked, regular and/or overtime, during the Class Period.  DIEBOLD's on-call policies

15   require these employees to remain in the assigned geographic vicinity, usually in their work

16   vehicle, and be available to respond by traveling to the client location immediately after

17   being called and resolve of the client issue, from 9:00 a.m to 12:00 a.m. for an entire week

18   out of every 2 to 3 weeks, without compensation for all of the standby on-call hours worked.

19   As a result, PLAINTIFF and other employees did not receive compensation for all hours

20   worked, including but not limited to the overtime hours worked.  Finally, the wage

21   statements and DEFENDANT's practices with respect to such wage statements issued to

22   PLAINTIFF and other similarly situated employees violate California law, and in particular,

23   Labor Code § 226.  The policies and practices of DEFENDANT alleged herein constitute

24   deceptive, unfair and/or unlawful business practices whereby DEFENDANT retained wages

25   due PLAINTIFF and other similarly situated employees for all hours worked.  PLAINTIFF

26   seeks an injunction under Business & Professions Code § 17203 enjoining such conduct by

27   DEFENDANT in the future, relief for the named PLAINTIFF and other similarly situated

28   employees as set forth herein below, and all other appropriate equitable and legal relief.

2.      Defendant DIEBOLD, INCORPORATED is a corporation with headquarters in Ohio.  DIEBOLD, INCORPORATED conducts business under the name "Diebold," and is collectively referred to herein as "DIEBOLD."  DIEBOLD  is engaged in the business of providing banking, ATM, security, alarm and other services to financial, retail, business, and government customers throughout California and the United States.  Specifically, DIEBOLD provides equipment and technology to these companies as well as installation, repair, and maintenance services for such equipment and technology throughout California, including in San Diego County, Los Angeles County, Orange County, Santa Clara County, San Mateo County and Alameda County, where members of the Class alleged herein work and reside. DIEBOLD employs a workforce of more than 17,000 worldwide and last year generated consolidated operating revenues of more than $3 billion.  DIEBOLD's service organization includes nearly 3,400 technicians in the United States.  Each year, these technicians deliver service to customers in the financial, retail, government, commercial, education and healthcare industries.

3.      DIEBOLD conducted and continues to conduct substantial and regular business throughout California and also is an enterprise that affects commerce by engaging in the enterprise of engaging in nationwide communications through interstate commerce and by regularly and recurrently receiving or transmitting interstate communications.

4.      DIEBOLD, based and incorporated in Ohio, was formed in 1859 and trades on the New York Stock Exchange (NYSE) under the DBD symbol.  DIEBOLD began as a safe and lock company.  In more recent years, DIEBOLD developed early concept automated teller machines (ATM).  Today, DIEBOLD is a global leader in providing integrated self-service delivery and security systems and services.  DIEBOLD's primary business is to provide security and outsourcing services to financial institutions, which DIEBOLD describes as follows: "Diebold's outsourcing solution arrangement provides a mix of technology to make financial institutions more efficient, including self-service devices, deposit automation, security, cash management, debit card processing, software deployment, network management and monitoring, break-fix services, site management, content

1  distribution, configuration management and more."

2       5.     DIEBOLD has been delivering security products and services for 150 years.

3  Recognized as an industry innovator and leader, DIEBOLD delivers approaches to

4  safeguarding, money, people and institutions via safes, vaults and technology-based

5  integrated systems. DIEBOLD continues to have a nationwide presence in security and

6  financial services, servicing alarms and ATMs for most major banks in the United States.

7  To provide these products and services, DIEBOLD employs a fleet of technicians who

8  remain in the field and on-call to immediately respond to issues as directed by DIEBOLD.

9  These technician employees bear the slogan "we never rest" on their vehicles.

10

11  **CONDUCT**

12       6.     DIEBOLD's business involves the providing of providing products and

13  services relating to ATMs, financial marketplace, and retailers. These products and services

14  include security equipment, alarm equipment, ATM equipment, banking equipment, and the

15  installation, repair, maintenance and servicing of these products. In order to provide these

16  continuous services, DIEBOLD employs a staff who maintain the hardware, software,

17  ATMS and security equipment for DIEBOLD and DIEBOLD's clients. DIEBOLD requires

18  this technician staff to work at all hours of the night and day to keep the services operation

19  and to resolve problems immediately. As a result, these non-exempt technician employees

20  are required to remain on-call standby. DEFENDANT's on-call policies require these

21  employees to remain in the assigned geographic vicinity, usually in their work vehicle, and

22  be available to respond by traveling to the client location immediately after being called and

23  resolve of the client issue during the time scheduled by DIEBOLD. These requirements so

24  restrict and control the employee, that these employees are unable to engage in any private

25  pursuits and must remain in the assigned geographic location under the complete control of

26  DIEBOLD, usually in their company vehicle, awaiting directions from DIEBOLD.

27  DIEBOLD does not pay for the stand-by hours worked remaining on-call, without

28  compensation for all of the standby on-call hours worked.

7.     The non-exempt employees in technician positions performing services in the field have been given titles by DEFENDANT like "field technician", "service technician", "technician", "service engineers", "service professional", "customer service engineer", or "installation and customer solution engineers".  Collectively, employees in these positions are referred to in this Complaint as "technicians" or "technician employees."

8.     The duties that are performed by these technician employees primarily involve the day to day labor to maintain, repair, troubleshoot, build and monitor equipment for DEFENDANT and DEFENDANT's clients.  The duties for these employees also require performance of non-office, manual labor, including but not limited to carrying, lifting, bending and repairing, and the physical installation and maintenance of security, computer, electrical, software, and/or hardware components and parts.  As a matter of course, technical problems often arise with this equipment at all hours of the day and at all hours of the night. Responding to these problems and maintenance demands are not only performed throughout the normal workday, but also pursuant to an on-call policy imposed by DEFENDANT by which these employees were and still are responsible to respond to calls and perform troubleshooting work to resolve the problems at issue during specified on-call work hours. All of these job duties performed by the technicians are non-exempt job duties.  These technician employees perform these functions, and all duties, according to established company policies, protocols, and procedures.  This action involves the policies and practices of DEFENDANT with respect to these technician employees working in the field who are classified by DEFENDANT as non-exempt and compensated on an hourly basis.

9.     Plaintiff Julius Francisco was first employed by DEFENDANT in 1999 and continued to work for DEFENDANT through September 18, 2006.  During the relevant period, PLAINTIFF is employed by DEFENDANT in a non-exempt technician position with the title "field technician" and/or "customer service engineer."  Irrespective of the specific assigned title, all of the technician employees perform the same basic work and are required to perform standby work in the field at the direction of DIEBOLD.  As a non-exempt technician employee, PLAINTIFF was required to perform standby, on-call work pursuant

1  to DEFENDANT's on-call policies require these employees to remain in the assigned

2  geographic vicinity, usually in their work vehicle, and be available to respond by traveling to

3  the client location immediately after being called and resolve of the client issue during the

4  time scheduled by DIEBOLD, without compensation for all of the standby on-call hours

5  worked. DIEBOLD instructs these employees to only record hours worked for time when

6  they are responding to a call, and to exclude time spent waiting in a geographic location

7  under the complete control of DIEBOLD. In the case of PLAINTIFF, he was required to

8  remain in an assigned location in his company vehicle to respond to issues for 9:00 a.m to

9  12:00 a.m. every day, for an entire week out of every 2 to 3 weeks, without compensation

10  for all of the standby on-call hours worked. As a result, DEFENDANT as a matter of

11  consistent policy and practice failed to pay PLAINTIFF for the hours spent under the control

12  of DEFENDANT on performing standby, on-call work during the Class Period. As a result,

13  PLAINTIFF did not receive compensation for all hours worked, including but not limited to

14  the overtime hours worked. Like of the other similarly situated non-exempt Technician

15  employees, PLAINTIFF was uniformly underpaid for overtime work and therefore did not

16  receive all of the overtime compensation to which he were entitled because DEFENDANT

17  excluded the on-call stipend paid to PLAINTIFF from the regular rate calculation. Finally,

18  the wage statements received by PLAINTIFF from DEFENDANT failed to contain all of the

19  required information in violation of Labor Code § 226(a) and DEFENDANT has a policy

20  which denies employees the right to inspect wage statements from prior pay periods in

21  violation of labor Code § 226(b) and (c).

22       10.    The work schedule and on-call schedule for PLAINTIFF and other technician

23  employees is dictated by the general management of DIEBOLD to which they directly

24  report, and the demands of work. The on-call schedule for PLAINTIFF is twenty-four

25  hours a day during both the week and weekends, every other week. The on-call standby

26  schedule for the technician employees is documented in the DEFENDANT's payroll

27  records.

28

11.     For all of these hours of on-call stand-by work, PLAINTIFF and other technician employees only receive a stipend equal to one hour regular compensation, regardless of the number of hours worked.  This stipend amount is not sufficient to compensate these employees for the on-call hours worked.  Further, DEFENDANT uniformly excludes the stipend amount from the regular rate calculation and thereby systematically underpays the overtime compensation paid to these employees.  The records of the DEFENDANT will evidence the on-call work, the stipend payments and the corresponding underpayment of overtime compensation during that workweek.

12.     PLAINTIFF and the other technician employees were and are employed as working members of the production side of DEFENDANT's business.  The primary job duties of PLAINTIFF and Technician staff employees were and are to troubleshoot, repair, configure, maintain equipment of DEFENDANT and DEFENDANT's clients, using manual labor and technician skills, at locations designed by DEFENDANT.  As a result, PLAINTIFF and the other non-exempt technician employees were not and currently are not primarily involved in providing office or non-manual work directly related to the management policies or general business operations with respect to matters of significance.  The work of PLAINTIFF and the other non-exempt technician employees also does not involve specialized or technical work that requires special training, experience or knowledge.  The work of PLAINTIFF and other non-exempt technician employees also does not involve the management of the banking enterprise or the banking location and these employees do not customarily and regularly exercises discretion and independent judgment.  Instead, PLAINTIFF and the other non-exempt technician employees were and currently are primarily involved in providing day to day, routine, and general, manual labor related to the production and delivery of DEFENDANT's business products.  Physical demands of the position include standing, sitting, walking, bending, counting, checking, talking, and installing products.

13.     DEFENDANT's unlawful, unfair, and deceptive employment and wage

1  practices cheat the PLAINTIFF and the other technician employees out of their lawful

2  wages due for all hours worked as required by California and federal law and systematically

3  underpays these employees overtime compensation as a result of the exclusion of the stipend

4  from the calculation.

5       14.    PLAINTIFF brings this class action on behalf of himself and a Class

6  consisting of all individuals who are or previously were employed by DEFENDANT as a

7  technician in California that was classified by DEFENDANT as non-exempt, and who were

8  scheduled for on-call, standby work (the "CLASS") during the CLASS PERIOD. The class

9  period applicable to this CLASS is defined as the period beginning four years prior to the

10  filing of this Complaint and ending on the date of as determined by the Court (the "CLASS

11  PERIOD"). As a matter of company policy and practice, DEFENDANT classified every

12  member of the CLASS as non-exempt and paid them on an hourly basis, but failed to pay the

13  required straight and overtime compensation due these employees for all hours worked due

14  to the exclusion of standby work and the miscalculation of the required overtime rate, and

15  otherwise failed to comply with all labor laws with respect to these employees.

16       15.    Individuals in the CLASS are and were employees who are entitled to regular,

17  and overtime compensation and prompt payment of amounts that the employer owes an

18  employee when the employee quits or is terminated, and other compensation and working

19  conditions that are prescribed by law.  Although DEFENDANT required the employees in

20  the CLASS to work more than forty (40) hours a week, eight (8) hours in a workday, and /or

21  on the seventh (7th) day of a workweek, as a matter of company policy and practice,

22  DEFENDANT consistently and uniformly failed and still fails to implement a practice and

23  procedure that compensates for all hours worked by these employees, including on-call time,

24  and fails to correctly pay the overtime compensation due for documented overtime as a

25  result of the exclusion of the on-call stipend compensation from the overtime calculation.

26  The PLAINTIFF and members of the CLASS currently work or previously worked in

27  California at times during the CLASS PERIOD for DEFENDANT and DEFENDANT's

28  practices and procedures as alleged herein are and were common throughout California at all

1   relevant times.

2      16.   In this action, PLAINTIFF, on behalf of himself and the CLASS, seeks to

3 recover all the money that DEFENDANT was required by law to pay, but failed to pay, to

4 PLAINTIFF and all other CLASS members for work performed. PLAINTIFF also seeks

5 penalties and all other relief available to him and other similarly situated employees under

6 California law. PLAINTIFF and many of the CLASS members have terminated their

7 employment and DEFENDANT did not timely tender payment of all wages owed as

8 required by Cal. Labor Code §§ 201 and 202. Therefore, as provided by Cal Lab. Code §

9 203, on behalf of the members of the CLASS who have terminated their employment,

10 including himself, PLAINTIFF demands thirty days of pay as penalty for not paying all

11 wages due at time of termination for all employees who terminated employment during the

12 CLASS PERIOD and demands an accounting and payment of all wages due, plus interest.

13      17.   PLAINTIFF and all members of the CLASS are and were classified under

14 Industrial Welfare Commission Wage Order 1-2001 and Cal. Lab. Code §§ 510 *et seq*. and

15 Section 13(a)(5) of the Fair Labor Standards Act (the "FLSA") as non-exempt in

16 applicable federal and state labor laws and were paid hourly compensation. Under both the

17 FLSA and California Labor Law, these employees may only be classified as exempt if the

18 employee primarily engages in duties and responsibilities involving (i) the "performance of

19 office or non-manual work directly related to management policies or general business

20 operations" of BANK OF AMERICA, (ii) the customary and regular exercising of discretion

21 and independent judgment, (iii) performed only under general supervision work along

22 specialized or technical lines requiring special training, experience, or knowledge, and (iv) is

23 paid a monthly salary equivalent to two times the minimum wage for full-time employment.

24 PLAINTIFF and the other members of the CLASS do not meet all of these requirements.

25 As a result of the DEFENDANT's consistent policy and practice as herein alleged,

26 DEFENDANT failed and still fail to pay overtime and other required compensation in

27 accordance with applicable law.

28      18.   By reason of this uniform conduct applicable to PLAINTIFF and all

1  members of the CLASS, DEFENDANT committed acts of unfair competition in violation of

2  the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by

3  engaging in a company-wide policy and procedure which failed to correctly pay the

4  PLAINTIFF, the CLASS of similarly situated employees all compensation required for all

5  hours worked.  As a result of DEFENDANT's willful and intentional disregard of the

6  obligation to include all earnings in the calculation of overtime compensation,

7  DEFENDANT failed to properly pay all required overtime compensation for work

8  performed by the members of the CLASS and violated the FLSA and the California Labor

9  Code and regulations promulgated thereunder as herein alleged.

10      19.    PLAINTIFF and the members of the CLASS have no plain, speedy  or

11  adequate remedy at law and will suffer irreparable injury if DEFENDANT is permitted to

12  continue to engage in the unlawful acts and practices herein alleged.  The illegal conduct

13  alleged herein is continuing and to prevent future injury and losses, and to avoid a

14  multiplicity of lawsuits, PLAINTIFF is entitled to an injunction and other equitable relief,

15  on behalf of himself and the CLASS, to prevent and enjoin such practices.  Pursuant to

16  Business & Professions Code § 17203, PLAINTIFF therefore requests a preliminary and/or

17  permanent injunction as the DEFENDANT provides no indication that DEFENDANT will

18  not continue such wrongful activity in the future, along with restitution, penalties, interest,

19  compensation and other equitable relief as provided by law.

20

21                                    **THE CLASS**

22      20.    PLAINTIFF brings this class action on behalf of himself and a Class

23  consisting of all individuals who are or previously were employed by DEFENDANT as a

24  technician employee in California that was classified by DEFENDANT as non-exempt and

25  who were scheduled for on-call, standby work (the "CLASS") during the CLASS PERIOD.

26  To the extent equitable tolling operates to toll claims by the CLASS against DEFENDANT,

27  the CLASS PERIOD should be adjusted accordingly.

28      21.    The California Legislature has commanded that "all wages... ...earned by any

1   person in any employment are due and payable twice during each calendar month, on days

2   designated in advance by the employer as the regular paydays", and further that "[a]ny

3   work in excess of eight hours in one workday and any work in excess of 40 hours in any one

4   workweek...shall be compensated at the rate of no less than one and one-half times the

5   regular rate of pay for an employee." (Lab. Code §204 and §510(a).) The Industrial

6   Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions

7   from the requirement that an overtime rate of compensation be paid... ...for executive,

8   administrative, and professional employees, provided [inter alia] that the employee is

9   primarily engaged in duties that meet the test of the exemption, [and] customarily and

10   regularly exercises discretion and independent judgment in performing those duties..." (Lab.

11   Code §510(a).) Neither the PLAINTIFF nor the other members of the CLASS qualify for

12   exemption from the above requirements.

13       22.   DEFENDANT, as a matter of company policy, practice and procedure, and

14   in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage

15   Order Requirements, and the applicable provisions of California law, intentionally,

16   knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to pay for all

17   hours worked by PLAINTIFF and the other members of the CLASS, and systematically

18   failed to correctly calculate overtime compensation, even though DEFENDANT enjoyed the

19   benefit of this work, required employees to perform this work and permitted or suffered to

20   permit this overtime work.

21       23.   DEFENDANT has the legal burden to establish that each and every non-

22   exempt employee is paid for all hours worked and to accurately record all hours worked by

23   non-exempt employees. The DEFENDANT, however, as a matter of uniform and

24   systematic policy and procedure failed to have in place during the CLASS PERIOD and still

25   fail to have in place a policy or practice to accurately record hours worked, including on-call

26   hours, so as to satisfy their burden. This common business practice applicable to each and

27   every CLASS member can be adjudicated on a class-wide basis as unlawful, unfair, and/or

28   deceptive under Cal. Business & Professions Code §17200, *et seq.* (the "UCL") as

1   causation, damages, and reliance are not elements of this claim.

2       24.     At no time before or during PLAINTIFF's employment with DEFENDANT

3   was the compensation for any member of the CLASS properly recalculated so as to

4   compensate the employee for all hours worked, including on-call time, as required by

5   California Labor Code §§ 204 and 510, *et seq*.  At no time before or during PLAINTIFF's

6   employment with DEFENDANT was the overtime compensation for any member of the

7   CLASS properly recalculated so as to include all earnings in the overtime compensation

8   calculation as required by California Labor Code § 510, *et seq*.

9       25.     The CLASS, numbering more than 100 members, is so numerous that joinder

10  of all members of the CLASS is impracticable.

11      26.     DEFENDANT uniformly violated the rights of the CLASS under California

12  law by:

13          (a)     Violating the California Unfair Competition Laws, Cal. Bus. & Prof.

14  Code § 17200, et seq., by unlawfully, unfairly and/or deceptively having in place company

15  policies, practices and procedures that failed to pay all wages due the CLASS for all hours

16  worked, including on-call, stand-by time and failed to accurately record all hours worked by

17  the CLASS, including on-call, stand-by time;

18          (b)     Violating the California Unfair Competition Laws, Cal. Bus. & Prof.

19  Code § 17200, et seq., by unlawfully, unfairly and/or deceptively having in place company

20  policies, practices and procedures that failed to correctly calculate overtime compensation

21  due to employees who received a stipend for the documented overtime hours worked;

22          (c)     Violating Cal. Lab. Code §510, et seq. by failing to pay the correct

23  overtime pay owed to PLAINTIFF and the members of the CLASS for overtime hours

24  worked;

25          (d)     Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and

26  the members of the CLASS with an accurate itemized statement in writing showing the

27  gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay

28  period and the corresponding number of hours worked at each hourly rate by the employee;

1   and,

2        (e)    Violating Cal. Lab. Code §§ 210, 202 and 203 by failing to provide

3   timely payment of all wages owed to the members of the CLASS who failed to receive the

4   correct overtime wages for hours worked and who have terminated their employment.

5        27.    This Class Action meets the statutory prerequisites for the maintenance of a

6   Class  Action as set forth in Federal Rules of Civil Procedure, Rule 23, in that:

7        (a)    The persons who comprise the CLASS exceed 100 persons and

8   are therefore so numerous that the joinder of all such persons is impracticable and the

9   disposition of their claims as a class will benefit the parties and the Court;

10        (b)    Nearly all factual, legal, statutory, declaratory and injunctive

11   relief issues that are raised in this Complaint are common to the CLASS will apply

12   uniformly to every member of the CLASS;

13        (c)    The claims of the representative PLAINTIFF are typical of the

14   claims of each member of the CLASS.  PLAINTIFF, like all other members of the CLASS,

15   was and still is a non-exempt employee who was subjected to the DEFENDANT's practice

16   and policy which failed to pay all wages due the CLASS for all hours worked, including on-

17   call time, failed to accurately record all hours worked, including on-call time, by the CLASS

18   and exclude stipend compensation from the regular rate calculation and thereby

19   systematically underpaid overtime compensation to the CLASS.  PLAINTIFF sustained

20   economic injury as a result of DEFENDANT's employment practices alleged herein.

21   PLAINTIFF and the members of the CLASS were and are similarly or identically harmed by

22   the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by

23   DEFENDANT.

24        (d)    The representative PLAINTIFF will fairly and adequately

25   represent and protect the interest of the CLASS, and has retained counsel who are competent

26   and experienced in class action litigation.  There are no material conflicts between the

27   claims of the representative PLAINTIFF and the members of the CLASS that would make

28   class certification inappropriate.  Counsel for the CLASS will vigorously assert the claims of

1  all members of the CLASS.

2      28.    In addition to meeting the statutory prerequisites to a Class Action, this action

3  is properly maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule

4  23, in that:

5              (a)    Without class certification and determination of declaratory,

6  injunctive, statutory and other legal questions within the class format, prosecution of

7  separate actions by individual members of the CLASS will create the risk of:

8                    1)    Inconsistent or varying adjudications with respect to

9  individual members of the CLASS which would establish incompatible standards of conduct

10  for the parties opposing the CLASS; and/or,

11                    2)    Adjudication with respect to individual members of the

12  CLASS which would as a practical matter be dispositive of interests of the other members

13  not party to the adjudication or substantially impair or impede their ability to protect their

14  interests.

15              (b)    The parties opposing the CLASS have acted or refused to act on

16  grounds generally applicable to the CLASS, making appropriate class-wide relief with

17  respect to the CLASS as a whole in that the DEFENDANT uniformly failed to pay all wages

18  due, including the correct overtime, for all hours worked by the members of the CLASS;

19                    1)    With respect to the First Cause of Action, the final relief

20  on behalf of the CLASS sought does not relate exclusively to restitution because through

21  this claim PLAINTIFF seek declaratory relief holding that the DEFENDANT's policy and

22  practices constitute unfair competition, along with injunctive relief, and incidental equitable

23  relief as may be necessary to prevent and remedy the conduct declared to constitute unfair

24  competition;

25              (c)    Common questions of law and fact exist as to the members of

26  the CLASS, with respect to the practices and violations of California law as listed above,

27  and predominate over any question affecting only individual members, and a class action is

28  superior to other available methods for the fair and efficient adjudication of the controversy,

1   including consideration of:

2             1)     The interests of the members of the CLASS in

3   individually controlling the prosecution or defense of separate actions in that the substantial

4   expense of individual actions will be avoided to recover the relatively small amount of

5   economic losses sustained by the individual employees when compared to the substantial

6   expense and burden of individual prosecution of this litigation;

7             2)     Class certification will obviate the need for unduly

8   duplicative litigation that would create the risk of: (a) Inconsistent or varying adjudications

9   with respect to individual members of the CLASS, which would establish incompatible

10   standards of conduct for the DEFENDANT; and/or, (b) Adjudications with respect to

11   individual members of the CLASS would as a practical matter be dispositive of the interests

12   of the other members not parties to the adjudication or substantially impair or impede their

13   ability to protect their interests;

14             3)     In the context of wage litigation because a substantial

15   number of individual class members will avoid asserting their legal rights out of fear of

16   retaliation by DEFENDANT, which may adversely affect an individual's job with

17   DEFENDANT or with a subsequent employer, the class action is the only means to assert

18   their claims through a representative; and,

19             4)     A class action is superior to other available methods for the fair

20   and efficient adjudication of this litigation because class treatment will obviate the need for

21   unduly and unnecessary duplicative litigation that is likely to result in the absence of

22   certification of this action pursuant to Fed. R. Civ. Proc., rule 23.

23       29.    This Court should permit this action to be maintained as a Class Action

24   pursuant to Federal Rules of Civil Procedure, rule 23, because:

25             (a)     The questions of law and fact common to the CLASS

26   predominate over any question affecting only individual members because the

27   DEFENDANT's employment practices were uniformly and systematically applied with

28   respect to the entire CLASS;

1               (b)     A class action is superior to any other available method for the

2 fair and efficient adjudication of the claims of the members of the CLASS because in the

3 context of employment litigation a substantial number of individual employees will avoid

4 asserting their rights individually out of fear of retaliation or adverse impact on their

5 employment;

6               (c)     The members of the CLASS exceed 100 people and are therefore

7 so numerous that it is impractical to bring all members of the CLASS before the Court;

8               (d)     PLAINTIFF, and the other members of the CLASS, will not be

9 able to obtain effective and economic legal redress unless the action is maintained as a class

10 action;

11              (e)     There is a community of interest in obtaining appropriate legal

12 and equitable relief for the acts of unfair competition, statutory violations and other

13 improprieties, and in obtaining adequate compensation for the damages and injuries which

14 DEFENDANT's actions have inflicted upon the CLASS;

15              (f)     There is a community of interest in ensuring that the combined

16 assets of DEFENDANT are sufficient to adequately compensate the members of the CLASS

17 for the injuries sustained;

18             (g)     DEFENDANT has acted or refused to act on grounds generally

19 applicable to the CLASS, thereby making final class-wide relief appropriate with respect to

20 these Classes as a whole;

21             (h)     The members of the CLASS are readily ascertainable from the

22 business records of DEFENDANT and business records of the DEFENDANT will identify

23 and establish membership in the CLASS; and,

24             (i)     Class treatment provides manageable judicial treatment calculated to

25 bring a efficient and rapid conclusion to all litigation of all wage and hour related claims

26 arising out of the conduct of DEFENDANT as to the members of the CLASS.

27      30.     DEFENDANT maintain records from which the Court can ascertain and

28 identify by job title each of DEFENDANT's non-exempt employees who as have been

1   systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy,

2   practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the

3   complaint to include any additional job titles of similarly situated employees when they have

4   been identified.

5        31.   DEFENDANT, as a matter of corporate policy, practice and procedure, failed

6   to pay the members of the CLASS the wages due for all hours worked, including on-call

7   time, and failed to correctly pay overtime compensation to the CLASS due to a systematic

8   miscalculation.  All employees in the CLASS, including the PLAINTIFF, performed the

9   same primary functions and were paid by DEFENDANT according to uniform and

10  systematic company procedures, which, as alleged herein above.  This business practice was

11  uniformly applied to each and every member of the CLASS, and therefore, the propriety of

12  this conduct can be adjudicated on a class-wide basis.  DEFENDANT intentionally,

13  knowingly, and wilfully, engaged in the above described practices.

14

15                        **JURISDICTION AND VENUE**

16       32.   This Court has jurisdiction over this action pursuant to 28 U.S.C.§1331,

17  federal question jurisdiction, 29 U.S.C. § 216, the Fair Labor Standards Act, and 28 U.S.C. §

18  1367, supplemental jurisdiction of the state law claims.  Independently, this Court also has

19  original jurisdiction over PLAINTIFF's state law class claims pursuant to the Class Action

20  Fairness Act of 2005, 28 U.S.C. § 1332 in that the PLAINTIFF is a resident of California,

21  most of the CLASS is comprised of residents of California, DEFENDANT is a citizen of

22  Ohio, there are more than 100 individuals in the CALIFORNIA CLASS, and the amount in

23  controversy in this complaint exceeds the sum or value of $5,000,000.  The action is brought

24  pursuant to Federal Rules of Civil Procedure, rule 23.  PLAINTIFF brings this action on her

25  own behalf, and on behalf of all persons within the CLASS as herein defined.

26       33.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because

27  DEFENDANT (i) is subject to personal jurisdiction in this District, and/or (ii) committed the

28  wrongful conduct against certain members of the CLASS in San Diego County, California.

At all relevant times, DEFENDANT maintained offices and conducts business in San Diego County, California and committed the wrongful conduct against members of the CLASS in San Diego County, California.

### FIRST CAUSE OF ACTION

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code § 17200 et seq.]**

**(By PLAINTIFF and the CLASS and against All Defendants)**

34.   PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 33 of this Complaint.

35.   DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof. Code § 17021.

36.   Cal. Bus. & Prof. Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17200 applies to violations of labor laws and in the employment context.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

37.   At all times relevant hereto, by and through the conduct described herein, DEFENDANT have engaged in unfair and unlawful' practices by failing to pay PLAINTIFFS, and the other members of the CLASS, wages due for on-call work, failed accurately to record all hours worked, and failed to provide the required amount of overtime compensation due to a systematic miscalculation of the regular rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements

in violation of Cal. Bus. and Prof. Code § 17200 et seq., and have thereby deprived PLAINTIFF, and the other members of the CLASS, of fundamental rights and privileges and caused them economic injury as herein alleged. DEFENDANT engaged in unfair competition by withholding compensation for hours worked. DEFENDANT further engaged in unfair and unlawful business practices by failing to keep accurate information and failing to accurately calculate the overtime compensation due DEFENDANT's employees, in violation of California law. As herein alleged, DEFENDANT's conduct was unlawful in that, with respect to all California employees, DEFENDANT uniformly violated California law and regulations, including but not limited to Labor Code §201, §202, § 206.5, §216, §204, §218, §226, §226.7, §510, §512, §1102.5, §1174, §1175, §1198, and 8 C.C.R. § 11040(7). DEFENDANT's conduct also violated federal law.

38.     By and through the unfair and unlawful business practices described herein, DEFENDANT obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CLASS, and deprived them of valuable rights and benefits guaranteed by law and contract, all to their detriment and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

39.     All the acts described herein as violations of, among other things, the Cal. Labor Code and Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and Thereby constitute unfair and unlawful business practices in violation of Cal. Bus. & Prof. Code § 17200 et seq. The conduct of the DEFENDANT was also deceptive in that DEFENDANT represented to PLAINTIFF and the members of the CLASS that they were not entitled to receive wages for on-call hours and were correctly paid overtime compensation for documented overtime hours worked.

40.     PLAINTIFF, and the other members of the CLASS, are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT have acquired, or of which PLAINTIFF, and other members of the CLASS,

have been deprived, by means of the above described unfair and unlawful business practices.

41.     PLAINTIFF, and the other members of the CLASS, are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and seek injunctive relief to enjoin DEFENDANT from engaging in any of these unfair and unlawful business practices in the future pursuant to Bus. & Prof. Code § 17203.

42.     PLAINTIFF, and the other members of the CLASS, have no plan, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANT.  As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the other members of the CLASS, have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unfair and unlawful business practices.  In addition, DEFENDANT should be required to disgorge the unpaid wages to PLAINTIFF, and the other members of the CLASS.

## SECOND CAUSE OF ACTION

### For Failure To Pay Earned Wages and Overtime Compensation

### [Cal. Lab. Code §§ 204, 210, 510, 1194 and 1198]

### (By PLAINTIFF and the CLASS and Against all Defendants)

43.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 42 of this Complaint.

44.     Cal. Lab. Code § 204 requires employers to pay employees for all hours worked as follows: "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."  Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

45.     Cal. Lab. Code §§1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit.

46.     As set forth herein, DEFENDANTS' policy and practice was to intentionally and uniformly deny payment of wages due for on-call time which were hours worked and failed to correctly calculate overtime compensation paid to the CLASS.  This was done in an illegal attempt to avoid payment of earned wages, overtime compensation and other benefits in violation of the California Labor Code and Industrial Welfare Commission requirements.

47.     The PLAINTIFF and the members of the CLASS are not exempt from receiving overtime compensation and other benefits under the Labor Code.  The Industrial Welfare Commission, ICW Wage Order No. 4, and Labor Code §515, set forth the requirements which must be complied with to classify an employee as exempt from applicable labor laws.  DEFENDANT has classified all employees in the CLASS as non-exempt and paid them compensation on an hourly basis.  For an employee to be exempt from these rules as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)     The employee must customarily and regularly exercise discretion and independent judgment;

(e)     The employee must be primarily engaged in duties which meet the test of exemption; and,

(f)     The employee "earns a monthly salary" equivalent to no less than two times the state minimum wage for full-time employment.

No member of the CLASS was or is an executive because they all fail to meet the requirements of being an exempt "executive" within the meaning of Order No. 4.

48. The Industrial Welfare Commission, ICW Wage Order No. 4, and Labor Code §515, set forth the requirements which must be complied with to classify an employee as exempt from applicable labor laws. For an employee to be exempt from these rules as a bona fide "administrator," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a) The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b) The employee must customarily and regularly exercise discretion and independent judgment; and,

(c) The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d) The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e) The employee must execute special assignments and tasks under only general supervision;

(f) The employee must be primarily engaged in duties which meet the test of exemption; and,

(g) The employee "earns a monthly salary" equivalent to no less than two times the state minimum wage for full-time employment.

No member of the CLASS was or is an administrator because they all fail to meet the requirements for being an exempt "administrator" under Order No. 4.

49. The Industrial Welfare Commission, ICW Wage Order No. 4, and Labor Code §515, set forth the requirements which must be complied with to classify an employee as exempt from applicable labor laws. For an employee to be exempt from these rules as a bona fide "professional," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a) The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned

or artistic profession" means an employee who is primarily engaged in the performance of:

        1)     Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

        2)     Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

        3)     Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

        (b)     The employee must customarily and regularly exercise discretion and independent judgment; and.

        (c)     The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

No member of the CLASS was or is a professional because they all fail to meet the requirements of being an exempt "professional" within the meaning of Order No. 4.

        50.     PLAINTIFF, and other members of the CLASS, do not fit the definition of an exempt executive, administrative, or professional employee because:

        (a) These employees do not primarily perform managerial or administrative (exempt) duties;

        (b) Their work hours are primarily spent performing non-exempt duties, including but not limited to performing routine banking transactions as requested by customers;

        (c) They do not have the discretion or independent judgment, in that they must

follow exacting and comprehensive company-wide policies and procedures which dictate every aspect of their work day;

(d) They do not have the authority to hire and/or fire other personnel; and/or,

(e) They do not earns a "monthly salary" equivalent to no less than two times the state minimum wage for full-time employment.

51.     During the class period, the PLAINTIFF, and other members of the CLASS, worked more hours than they were paid for because of the time spent on-call under the control of the DEFENDANT, constituting a failure to pay all earned wages.

52.     During the Class Period, the PLAINTIFF, and other members of the CLASS, worked more that eight hours in a workday, and/or more than forty hours in a work week, but the overtime compensation paid by DEFENDANT for these overtime hours was incorrectly calculated, resulting in a systematic underpayment.

53.     At all times relevant times, DEFENDANT failed to pay PLAINTIFF, and other members of the CLASS, wages for the hours they have worked on-call as required by Cal. Lab. Code §204, and the correct overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198.

54.     By virtue of DEFENDANT's unlawful failure to pay additional compensation to the PLAINTIFF, and the other members of the CLASS, for the hours actually worked and failure to pay the correct amount of overtime compensation, the PLAINTIFF, and the other members of the CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

55.     PLAINTIFF, and the other members of the CLASS, request recovery of wages due and the correction of overtime compensation paid according to proof, interest, and costs, as well as the assessment of any and all available statutory penalties against DEFENDANT, in a sum as provided by the Cal. Lab. Code and/or other statutes.

56.     In performing the acts and practices herein alleged in violation of labor laws

and refusing to provide the requisite overtime compensation, the DEFENDANT acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the other members of the CLASS, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of PLAINTIFF and the members of the Class.

57.     PLAINTIFF and many of the CLASS members have terminated their employment and DEFENDANT did not timely tender payment of all wages owed as required by Cal. Labor Code §§ 201 and 202.  Therefore, as provided by Cal Lab. Code § 203, on behalf of the members of the CLASS who have terminated their employment, including himself, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CLASS PERIOD and demands an accounting and payment of all wages due, plus interest.

## THIRD CAUSE OF ACTION
### For Failure to Provide Accurate Itemized Statements
### [Cal. Lab. Code § 226]
### (By PLAINTIFF and the CLASS and against DEFENDANT)

58.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 57 of this Complaint.

59.     Cal. Labor Code § 226 provides that an employer must furnish employees with "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee

identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

60.     At all times relevant herein, DEFENDANT violated Labor Code § 226 with respect to PLAINTIFF and the other members of the CLASS, in that DEFENDANT failed to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate for these employees.  This failure by DEFENDANT was the intentional result of DEFENDANT's intentional refusal to compensate for on-call hours worked and the miscalculation of overtime compensation.

61.     DEFENDANTS knowingly and intentionally failed to comply with Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CLASS.  These damages include, but are not limited to, unpaid wages for hours actually worked, the costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages may be difficult to estimate.  Therefore, PLAINTIFF, and the other members of the CLASS may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CLASS herein), plus costs, pursuant to Labor Code § 226(g).

## FOURTH CAUSE OF ACTION

### For Violation of the Fair Labor Standards Act

### [29 U.S.C. § 201 et seq.]

### By PLAINTIFF and the CLASS and Against All Defendants)

62.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate

by this reference, as though fully set forth herein, paragraphs 1 through 61 of this Complaint.

63.     The Fair Labor Standards Act, 29 U.S.C. §201, et seq., states that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation. 29 C.F.R. §778.223 and 29 C.F.R. §778.315. This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

64.     PLAINTIFF also brings this lawsuit as a collective action under the Fair Labor and Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), on behalf of all persons who were, are, or will be employed by DEFENDANT in a technician position, or in other substantially similar positions, during the period commencing three years prior to the filing of this Complaint and ending on the date as the Court shall determine (the "COLLECTIVE CLASS PERIOD"), who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked (the "COLLECTIVE CLASS") due to the miscalculation of overtime compensation and/or the exclusion of on-call hours worked. To the extent equitable tolling operates to toll claims by the COLLECTIVE CLASS against the DEFENDANT, the COLLECTIVE CLASS PERIOD should be adjusted accordingly.

65.     Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not limited to the following, include:

a.     Whether DEFENDANT's policies and practices failed to accurately record all on-call hours worked by PLAINTIFF and the other members of the COLLECTIVE CLASS;

b.     Whether DEFENDANT failed to adequately compensate the members of the COLLECTIVE CLASS for all hours worked as required by the FLSA;

c.     Whether DEFENDANT correctly calculated the should be enjoined from continuing the practices which violate the FLSA; and,

d.     Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

66.    The Fifth Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS because the claims of the PLAINTIFF are similar to the claims of the members of the prospective COLLECTIVE CLASS.

67.    PLAINTIFF and the COLLECTIVE CLASS are similarly situated, have substantially similar job requirements and pay provisions, and are subject to DEFENDANT's common and uniform policy and practice of failing to pay for all actual time worked and wages earned, and failing to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor (the "REGULATIONS").

68.    DEFENDANT is engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

69.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.  The conduct by the DEFENDANT which violated the FLSA was willful.

70.    PLAINTIFF and the members of the COLLECTIVE CLASS regularly worked in excess of forty (40) hours in a workweek.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., PLAINTIFF and the members of the COLLECTIVE CLASS are entitled to compensation for all hours actually worked, including on-call hours, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek, which wages were not paid because of DEFENDANT's systematic miscalculation of the regular rate.

71.    PLAINTIFF and the COLLECTIVE CLASS were all paid by DEFENDANT on an hourly or salary basis for the hours worked up to forty (40) in a workweek, but PLAINTIFF and the COLLECTIVE CLASS worked more than forty (40) hours per workweek, and were not paid the correct compensation for the documented overtime hours

worked because DEFENDANT excluded certain earnings from the regular rate calculation. PLAINTIFF and the COLLECTIVE CLASS were not "exempt" from the requirements of the Fair Labor Standards Act, and DEFENDANT classifies these employees as not exempt.

72.    For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANT were and are uniform throughout California and the United States in all respects material to the claims asserted in this Complaint.

73.    DEFENDANT violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

74.    As a result of DEFENDANT's failure to pay overtime compensation for hours worked at the correct regular rate, as required by the FLSA, PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

75.    PLAINTIFF, therefore, demands that they and the members of the COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not correctly compensated, plus liquidated damages, interest and statutory costs as provided by law.

## **PRAYER**

WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CLASS:

A)    That the Court certify action asserted by the CLASS as a class action pursuant to Federal Rules of Civil Procedure, rule 23;

B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C)    An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CLASS; and,

D)   Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CLASS.

E)   Compensatory damages, according to proof at trial, including compensatory damages for both regular and overtime compensation due PLAINTIFF and the other members of the CLASS according to proof, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;

F)   The wages of all terminated employees due to members of the CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced in accordance with Cal. Lab. Code § 203;

G)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violations of Cal. Lab. Code § 226.

2.   On behalf of the COLLECTIVE CLASS:

A)   That the Court certify the Fifth Cause of Action asserted by the COLLECTIVE CLASS as an opt-in class action under 29 U.S.C. § 216(b);

B)   That the Court declare the rights and duties of the parties consistent with the relief sought by PLAINTIFF;

C)   Issue a declaratory judgment that DEFENDANT's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

D)   That DEFENDANT be enjoined from further violations of the Fair Labor Standards Act;

E)   That the PLAINTIFF and the members of the COLLECTIVE CLASS recover compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

3.     On all claims:

A)     An award of interest, including prejudgment interest at the legal rate.

B)     An award of liquidated damages, statutory damages, cost of suit, but neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees under Cal. Lab. Code § 218.5;

C)     Such other and further relief as the Court deems just and equitable.

Dated:   August 28 2009

BLUMENTHAL, NORDREHAUG &
BHOWMIK

By:
       Norman B. Blumenthal
       Attorneys for Plaintiff

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated:  August 28, 2009

BLUMENTHAL, NORDREHAUG &
BHOWMIK

By: _____
Norman B. Blumenthal
Attorneys for Plaintiff

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

K:\D\NBB\Francisco v. Diebold\p-Complaint-FINAL.wpd

**ORIGINAL**  **CIVIL COVER SHEET** 

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JULIUS FRANCISCO | DIEBOLD, INCORPORATED |

**(b)** County of Residence of First Listed Plaintiff   Los Angeles County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
'09 AUG 28 PM 4:18
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Norman Blumenthal, Blumenthal, Nordrehaug & Bhowmik,
2255 Calle Clara, La Jolla, CA, 92037, (858)551-1223

Attorneys (If Known)

'09 CV 1889 WQH WMc

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

CIVIL RIGHTS

☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

FORFEITURE/PENALTY

☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR

☒ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PRISONER PETITIONS

☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

IMMIGRATION

☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

BANKRUPTCY

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 216(b) (Fair Labor Standards Act) and 28 U.S.C. §1332 (CAFA Jurisdiction)
Brief description of cause:
Claims for unpaid overtime compensation under Federal and California law

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 08/28/2009
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 46,790   AMOUNT 350,-   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___
8/28/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS004670
Cashier ID: sramirez
Transaction Date: 08/28/2009
Payer Name: BLUMENTHAL
----------------------------------
CIVIL FILING FEE
 For: FRANCISCO V. DIEBOLD
 Case/Party: D-CAS-3-09-CV-001889-001
 Amount:       $350.00
----------------------------------
CHECK
 Check/Money Order Num: 12045
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```